UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| JEAN T. THOMAS, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Civil No. 3:12CV450 |
| | : | |
| WITTSTADT TITLE & ESCROW | : | |
| COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |

**WITTSTADT TITLE & ESCROW COMPANY, LLC'S**
**ANSWER TO CLASS ACTION COMPLAINT**

Defendant Wittstadt Title & Escrow Company, LLC, by counsel, Carr Maloney P.C., answers the Plaintiffs' Class Action Complaint as follows:

1.      The allegations in paragraph 1 of the Complaint are characterizations of the Plaintiffs' case and consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations.

## I.      JURISDICTION AND VENUE

2.      The allegations in paragraph 2 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations.

## II.      PARTIES

3.      The Defendant lacks sufficient information to admit or deny the allegations in paragraph 3 of the Complaint.  To the extent that a response is required, the Defendant denies the allegations.

4.     The Defendant lacks sufficient information to admit or deny the allegations in paragraph 4 of the Complaint.  To the extent that a response is required, the Defendant denies the allegations.

5.     The Defendant lacks sufficient information to admit or deny the allegations in paragraph 5 of the Complaint.  The allegations in paragraph 5 of the Complaint also consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations.

6.     The Defendant admits only that it serves as a trustee for foreclosures, but it denies the remaining allegations in paragraph 6 of the Complaint.

7.     The allegations in paragraph 7 consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations.

### III.     FACTUAL ALLEGATIONS

8.     The allegations in paragraph 8 refer to a Note.  The Defendant refers the Court to the Note referenced in paragraph 8 for its contents.  To the extent that the allegations in paragraph 8 are inconsistent with the Note, the Defendant denies the allegations.

9.     The allegations in paragraph 9 refer to a Note and a Deed of Trust.  The Defendant refers the Court to the Note and the Deed of Trust referenced in paragraph 9 for its contents.  To the extent that the allegations in paragraph 9 are inconsistent with the Note and Deed of Trust, the Defendant denies the allegations.

10.    The Defendant lacks sufficient information to admit or deny the allegations in paragraph 10 of the Complaint.  To the extent that a response is required, the Defendant denies the allegations.

2

***Defendant is not a Debt Collector***

11.     Denied as phrased.

12.     Denied as phrased.

13.     The allegations in paragraph 13 consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations as phrased and admits only that some of its correspondence contains the language "this is an attempt to collect a debt and any information obtained will be used for that purpose."

14.     The allegations in paragraph 14 consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations as phrased, but admits that it will verify debts upon any request by a consumer.

15.     Denied.

16.     Denied.

17.     The Defendant denies that it sent Ms. Thomas a Dunning letter, as the Defendant understands this term.  The Defendant admits that it sent Ms. Thomas a letter dated September 8, 2011, which is appended to the Complaint as Exhibit A.  The Defendant refers the Court to Exhibit A for its contents.  To the extent that the allegations in paragraph 17 are inconsistent with Exhibit A, the Defendant denies the allegations.  The Defendant denies that it was attempting to collect a debt.

18.     Denied.

19.     The Defendant denies that it sent Mr. Thomas a Dunning letter, as the Defendant understands this term.  The Defendant admits that it sent Mr. Thomas a letter dated September 8, 2011, which is appended to the Complaint as Exhibit B.  The Defendant refers the Court to

3

Exhibit B for its contents.  To the extent that the allegations in paragraph 19 are inconsistent with Exhibit B, the Defendant denies the allegations.  The Defendant denies that it was attempting to collect a debt.

20.     The allegations in paragraph 20 refer to Exhibits A and B of the Complaints.  The Defendant refers the Court to Exhibits A and B for their contents.  To the extent that the allegations in paragraph 20 are inconsistent with Exhibits A and B, the Defendant denies the allegations.

21.     Denied as phrased.

22.     The allegations in paragraph 22 refer to a Virginia statute.  The Defendant refers the Court to this statute.  To the extent that the allegations in paragraph 22 are inconsistent with the statute referenced in paragraph 22, the Defendant denies the allegations.

23.     Admitted.

24.     Denied as phrased.

25.     The allegations in paragraph 25 refer to Exhibits A and B of the Complaints.  The Defendant refers the Court to Exhibits A and B for their contents.  To the extent that the allegations in paragraph 25 are inconsistent with Exhibits A and B, the Defendant denies the allegations.

26.     The allegations in paragraph 26 refer to Exhibits A and B of the Complaints.  The Defendant refers the Court to Exhibits A and B for their contents.  To the extent that the allegations in paragraph 26 are inconsistent with Exhibits A and B, the Defendant denies the allegations.

27.     The allegations in paragraph 27 consist of a legal conclusion to which no response is required.  To the extent that a response is required, the Defendant admits that Exhibits A and B were the first communications with the Plaintiffs.

28.     The Defendant denies that it sent Ms. Thomas a Dunning letter, as the Defendant understands this term.  The Defendant admits that it sent Ms. Thomas a letter dated September 14, 2011, which is appended to the Complaint as Exhibit C.  The Defendant refers the Court to Exhibit C for its contents.  To the extent that the allegations in paragraph 28 are inconsistent with Exhibit C, the Defendant denies the allegations.  The Defendant denies that it was attempting to collect a debt.

29.     The Defendant denies that it sent Mr. Thomas a Dunning letter, as the Defendant understands this term.  The Defendant admits that it sent Mr. Thomas a letter dated September 14, 2011, which is appended to the Complaint as Exhibit D.  The Defendant refers the Court to Exhibit D for its contents.  To the extent that the allegations in paragraph 29 are inconsistent with Exhibit C, the Defendant denies the allegations.  The Defendant denies that it was attempting to collect a debt.

30.     The allegations in paragraph 30 refer to Exhibits C and D.  The Defendant refers the Court to Exhibits C and D for their contents.  To the extent that the allegations in paragraph 30 are inconsistent with Exhibits C and D, the Defendant denies the allegations.

31.     The allegations in paragraph 31 contain a legal conclusion to which no response is required.  Further, the allegations in paragraph 31 refer to Exhibits C and D.  The Defendant refers the Court to Exhibits C and D for their contents.  To the extent that the allegations in paragraph 30 are inconsistent with Exhibits C and D, the Defendant denies the allegations.

32.     The allegations in paragraph 32 refer to Exhibits A, B, C and D.  The Defendant refers the Court to these exhibits for their contents.  To the extent that the allegations in paragraph 32 are inconsistent with these exhibits, the Defendant denies the allegations.

33.     The allegations in paragraph 33 refer to the exhibits appended to the Complaint.  The Defendant refers the Court to the exhibits for their contents.  To the extent that the allegations in paragraph are inconsistent with the Complaint's exhibits, the Defendant denies the allegations.

34.     The allegations in paragraph 34 refer to a federal statute.  The Defendant refers the Court to this statute.  To the extent that the allegations in paragraph 34 are inconsistent with the statute referenced in paragraph 34, the Defendant denies the allegations.

35.     The allegations in paragraph 35 refer to Exhibits C and D.  The Defendant refers the Court to Exhibits C and D for their contents.  To the extent that the allegations in paragraph 35 are inconsistent with Exhibits C and D, the Defendant denies the allegations.

36.     The allegations in paragraph 36 consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations.  The Act does not prohibit other forms of disputes.

37.     The allegations in paragraph 37 consist of a legal conclusion to which no response is required.  The allegations in paragraph 37 also refer to a federal statute.  The Defendant refers the Court to this statute.  To the extent that the allegations in paragraph 37 are inconsistent with the statute, the Defendant denies the allegations.

38.     The allegations in paragraph 38 consist of a legal conclusion to which no response is required.  The allegations in paragraph 38 also refer to a federal statute.  The Defendant refers

the Court to this statute. To the extent that the allegations in paragraph 38 are inconsistent with the statute, the Defendant denies the allegations.

39.     The allegations referenced in paragraph 39 refer to the exhibits attached the Complaint. The Defendant refers the Court to these exhibits. To the extent that the allegations in paragraph 39 are inconsistent with these exhibits, the Defendant denies these allegations.

40.     The allegations in paragraph 40 consist of legal conclusions to which no response is required. Further, the allegations in paragraph 40 refer to a legal opinion written by Judge Merhige. The Defendant refers the Court to the opinion referenced in paragraph 40 for its contents. To the extent that the allegations in paragraph 40 are inconsistent with the opinion, the Defendant denies the allegations.

41.     The allegations in paragraph 41 consist of legal conclusions to which no response is required. Further, the allegations in paragraph 41 refer to a legal opinion written by Judge Hudson. The Defendant refers the Court to the opinion referenced in paragraph 41 for its contents. To the extent that the allegations in paragraph 41 are inconsistent with the opinion, the Defendant denies the allegations.

## IV.     CLASS ACTION VIOLATIONS

42. through 49.          The allegations in paragraphs 42 through 49 are class action allegations. The Defendant has filed to a Motion to Dismiss the Class Claims and/or Strike the Class Action Allegations contemporaneously with this Answer. Therefore, no response is required. To the extent that the Motion is denied, the Defendants answer that the allegations in paragraphs 42 through 49 consist of legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies the allegations.

## V.    COUNT I
## FDCPA CLAIMS FOR THE CLASS

50.     The Defendant incorporates by reference the allegations in paragraphs 1 through 49.

51.     The allegations in paragraph 51 consist of legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice or that judgment be entered in its favor along with other relief, including attorneys' fees and costs, as this Court deems proper.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Venue is improper.

### Third Defense

The Plaintiffs and the putative class members' claims may be barred by the statute of limitations or by the equitable doctrine of laches.

### Fourth Defense

The Defendant is not liable for the Plaintiffs and/or putative class members' claims under the bona fide error doctrine.

### Fifth Defense

Any FDCPA violation was not intentional or willful.

8

<u>Sixth Defense</u>

Any misstatement in connection with FDCPA requirements was not material.

<u>Seventh Defense</u>

The Plaintiffs and putative class members have not suffered any actual damages.

<u>Eighth Defense</u>

Any claim, harm, injury, or damages alleged or complained of was caused by or was due to the acts or omissions of other individuals or entities for whom this Defendant cannot be held legally responsible, or by the Plaintiffs or putative class members themselves.

<u>Ninth Defense</u>

The Plaintiffs and/or putative class members' claims may be barred by the doctrine or waiver and/or estoppel.

<u>Tenth Defense</u>

The Plaintiffs and /or putative class members' claims are barred by the doctrine of unclean hands, or the like.

<u>Eleventh Defense</u>

The Plaintiffs and/or putative class members failed to mitigate their damages, if any.

<u>Twelfth Defense</u>

To the extent not covered by the preceding paragraphs and defenses, all allegations of the Defendant are denied and strict proof thereof is demanded.

<u>Thirteenth Defense</u>

The Defendant will rely on all defenses legally available to them, including but not limited to those listed above.

<u>Fourteenth Defense</u>

Defendant Wittstadt Title & Escrow Company, LLC expressly denies all allegations in the Complaint not specifically admitted herein.  Additional facts may become known during the course of discovery and investigation that will support affirmative defenses currently unknown to this Defendant.  To preserve all such defenses, this Defendant incorporates all affirmative defenses permitted under federal law.  Furthermore, this Defendant reserves the right amend or supplement this Answer at any time up to, and including, trial.

WHEREFORE, Defendant Wittstadt Title & Escrow Company, LLC respectfully requests that the Complaint be dismissed with prejudice or that judgment be entered in its favor along with other relief, including attorneys' fees and costs, as this Court deems proper.

Respectfully submitted,

WITTSTADT TITLE & ESCROW COMPANY, LLC
By Counsel

/s/ Matthew D. Berkowitz
Matthew D. Berkowitz, #72728
Jan E. Simonsen, #29152
Carr Maloney P.C.
2000 L Street, N.W., Suite 450
Washington, D.C.  20036
(202) 310-5500 (phone)
(202) 310-5555 (fax)
jes@carrmaloney.com
mb@carrmaloney.com
*Counsel for Defendant Wittstadt Title & Escrow Company, LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that a copy of the foregoing was electronically filed and served, this 21st day of August, 2012, to:

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA  23803

Kristi Cahoon Kelly, Esquire
J. Chapman Peterson, Esquire
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, VA  22030

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23606

Matthew J. Erausquin, Esquire
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314

                    Respectfully submitted,

                    WITTSTADT TITLE & ESCROW COMPANY, LLC
                    By Counsel

                    /s/ Matthew D. Berkowitz_____
                    Matthew D. Berkowitz, #72728
                    Jan E. Simonsen, #29152
                    Carr Maloney P.C.
                    2000 L Street, N.W., Suite 450
                    Washington, D.C.  20036
                    (202) 310-5500 (phone)
                    (202) 310-5555 (fax)
                    jes@carrmaloney.com
                    mb@carrmaloney.com
                    *Counsel for Defendant Wittstadt Title & Escrow Company, LLC*