UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JEAN T. THOMAS, *et al.*,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiffs,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　:　　Civil No. 3:12CV450
　　　　　　　　　　　　　　　　　:
WITTSTADT TITLE & ESCROW　　　:
COMPANY, LLC,　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS CLASS CLAIMS AND/OR STRIKE CLASS ACTION ALLEGATIONS**

Jan E. Simonsen, #29152
Matthew D. Berkowitz, #72728
Carr Maloney P.C.
2000 L Street, NW
Suite 450
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
jes@carrmaloney.com
mb@carrmaloney.com

**Table of Contents**

INTRODUCTION AND BACKGROUND .................................................................................1

A.     The Plaintiffs' Individual Claims.........................................................................1

B.     The Class Action Allegations ...............................................................................2

C.     Summary of Argument ..........................................................................................3

ARGUMENT ....................................................................................................................4

I.     The Governing Pleading Standards .......................................................................4

    A.     The Allegations Must be Rooted in Facts and May Not be Based upon
       Speculation or Guess-Work ..................................................................................4

    B.     Class Action Allegations Must Plead "Facts" Beyond the Speculative
       Level and Establish That the Complaint Can Satisfy Rule 23 ...............................5

II.    The Class Action Allegations Should be Struck or Dismissed Because the
       Allegations Are Conclusory, Speculative, and Lack Factual Support..........................8

    A.     The Requirements to Maintain a Class Action .......................................................8

    B.     The Complaint Inadequately States Only the Elements of Rule 23 and
       Fails to Allege Any Facts to Suggest Class Certification is Possible and
       That the Exception to the General Rule Might be Warranted ................................8

        1.     The Plaintiffs Cannot Satisfy the Numerosity Requirement............................8

        2.     The Commonality and Typicality Requirements Cannot be Satisfied..............9

        3.     The Adequacy-of-Representation Element Cannot be Satisfied ....................12

        4.     Rules 23(b)(2) and (b)(3) Cannot be Satisfied..................................................13

III.   Dismissal of This Legally Invalid Putative Class Should Not be Delayed.................13

CONCLUSION..................................................................................................................14

## Table of Authorities

**Cases**

*Achem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................ 6

*Ardino v. Lyons, Doughty & Veldhuis, P.C.*,
    Civ. No. 11-848 NLH/KMW, 2011 WL 6257170 (D.N.J. Dec. 14, 2011) .............................. 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 4

*East Texas Motor Freight System Inc. v. Rodriguez*,
    431 U.S. 395 (1977) ................................................................................................ 5

*Foxx v. Ocwen Loan Servicing, LLC*,
    No. 8:11-CV-1776-T-17EAK, 2012 WL 2048252 (M.D. Fla. June 6, 2012) ................. 7, 9, 13

*Francis v. Giacomelli*,
    588 F.3d 186 (4th Cir. 2009) ................................................................................. 4, 5

*Gariety v. Grant Thornton, LLP*,
    368 F.3d 356 (4th Cir. 2004) ................................................................................... 6

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982) ..................................................................................... *passim*

*In re Walls*,
    262 B.R. 519 (Bankr. E.D. Cal. 2001) ..................................................................... 14

*Lumpkin v. E.I. Du Pont de Nemours & Co.*,
    161 F.R.D. 480 (M.D. Ga. 1995) ............................................................................ 14

*McMahon v. LVNV Funding, LLC*,
    No. 12 C 1410, 2012 WL 2597933 (N.D. Ill. July 5, 2012) ........................................... 7

*Penn v. Cumberland*,
    No. 1:11cv1009, 2012 WL 3062141 (E.D. Va. July 25, 2012) ................................. 5, 12

*Picus v. Wal-Mart Stores, Inc.*,
    256 F.R.D. 651 (D. Nev. 2009) .............................................................................. 14

*Ross-Randolph v. AllState Ins. Co.*,
    CIV. A. DKC 99-3344, 2001 WL 36042162 (D. Md. May 11, 2001) ............................... 6

*Strange v. Norfolk & Western Railway Co.*,
   809 F.2d 786, 1987 WL 36160 (4th Cir. 1987) ........................................................ 7

*Vitullo v. Mancini*,
   684 F. Supp. 2d 760 (E.D. Va. 2010) ................................................................. 13

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011)................................................................. *passim*

*Warren v. Sessoms & Rogers, P.A.*,
   676 F. 3d 365 (4th Cir. 2012) ................................................................. 12

*Weiss v. Fein, Such, Kahn & Shepard, P.C.*,
   No. 01 Civ. 1086 (AGS), 2002 WL 449653 (S.D.N.Y. Mar. 22, 2002)...................................... 9

**Rules and Regulations**

15 U.S.C. § 1692g............................................................................... 2, 10, 11

15 U.S.C. § 1692g(a) ............................................................................... 1, 2

15 U.S.C. § 1692g(b) ............................................................................... 11

15 U.S.C. § 1692k............................................................................... 13

15 U.S.C. § 1692k(c) ............................................................................... 12

15 U.S.C. §§ 1692 *et seq.*............................................................................... 1

15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10) ............................................................... 1

15 U.S.C. §§ 1692g(a)(4) and (5) ............................................................................... 1, 2

Fed. R. Civ. P. 8(a) ............................................................................... 4

Fed. R. Civ. P. 12(f), 12(b)(6), and 23............................................................................... 5

Fed. R. Civ. P. 23 ............................................................................... *passim*

Fed. R. Civ. P. 23(a) ............................................................................... 5, 6, 8, 9

Fed. R. Civ. P. 23(a) and (b) ............................................................................... 6

Fed. R. Civ. P. 23(b) ............................................................................... 5, 8

Fed. R. Civ. P. 23(b)(2)............................................................................... 4, 5, 13, 14

Fed. R. Civ. P. 23(b)(3)............................................................................... 4, 5, 10, 13, 14

Fed. R. Civ. P. 23(b)(2) and (3) ............................................................................. 3, 13

Va. Code § 55-59.1 .................................................................................................. 1

## INTRODUCTION AND BACKGROUND

The class claims should be dismissed or the class action allegations should be struck with prejudice.  In this class action lawsuit, the Plaintiffs, Jean T. Thomas and Heath B. Thomas, contend that Wittstadt Title & Escrow Company, LLC ("Wittstadt"), a title company that served only as the trustee to foreclose on the Plaintiffs' home following the default on their mortgage, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").  The Plaintiffs allege, on behalf of themselves and all other similarly situated, that Wittstadt violated the FDCPA by:

(a)     falsely stating that the original Note was unavailable, lost, or could not be produced, in violation of 15 U.S.C. § 1692e, e(2)(A), e(5), and e(10);

(b)     failing, within five days after the initial communication with the collection of a mortgage loan debt, to send a written notice containing the thirty day validation notice disclosures that are required under 15 U.S.C. § 1692g(a); and

(c)     failing to inform the consumer that to obtain validation of the debt and/or the name and address of the original creditor the consumer is to make the request in writing pursuant to 15 U.S.C. §§ 1692g(a)(4) and (5).

Compl. ¶ 1.

A.     The Plaintiffs' Individual Claims

The individual Plaintiffs allege only on behalf of themselves that on September 8, 2011, Wittstadt sent them each a letter (Exhibits A and B to the Complaint) stating that the original Note was unavailable, lost, or could not be produced.  Compl. ¶¶ 17, 19, 20.  The Plaintiffs further allege that this statement was false and therefore violated § 1692e, e(2)(A), e(5), and e(10).  Compl. ¶ 21.  The Plaintiffs also allege that Va. Code § 55-59.1 was violated because the

beneficiary had not submitted an affidavit to the trustee stating the Note was lost or unavailable. Compl. ¶¶ 22-23.

In addition, the Plaintiffs contend that Wittstadt violated § 1692g(a) by sending the validation notice disclosures to them one day late on September 14, 2011 (Exhibits C and D), or six days after Wittstadt's initial communication with them. Compl. ¶¶ 28-34.  Finally, the Plaintiffs contend that Wittstadt violated § 1692g(a)(4) and (5) because the September 14, 2011 letters failed to advise them that a request to validate the debt was to be made in writing.  Compl. ¶¶ 36-37.

B.      The Class Action Allegations

The proposed class, which on its face has burdensome and limiting characteristics, includes all Virginia residents who:

(1) received the same September 8, 2011, letter (Exhibits A and B to the Complaint) telling them that their Note was unavailable, lost, or could not be produced at a time when the beneficiary of the Note had not submitted an affidavit to the trustee that the Note was in fact lost or unavailable; *and*

(2) who (a) received a § 1692g validation notice with "text identical" to the September 14 letter sent to the Plaintiffs (Exhibits C and D to the Complaint) and which does not state that a request to validate the debt must be done in writing; (b) was sent later than five days after the initial communication with the consumer; (c) in an attempt to collect a debt due to CitiMortgage, Inc., (d) incurred for personal, family, or household purposes; (e) *and* during the one-year period prior to the filing of the Complaint.  Compl. ¶ 42.

The Complaint, in a conclusory manner, then simply recites the elements required to satisfy the class requirements under Rule 23 of the Federal Rules of Civil Procedure.  Without stating facts to support a class, the Plaintiffs merely allege that:  the class is numerous, Compl. ¶

43; there are common questions of law and fact, Compl. ¶ 44; the Plaintiffs' claims are typical of those of the class members, Compl. ¶ 45; and the Plaintiffs and their counsel will fairly and adequately protect the interest of the class.  Compl. ¶ 46.

Furthermore, the Plaintiffs seek certification under Rule 23(b)(2) and (b)(3), alleging that Wittstadt acted on grounds generally applicable to the class, and questions of law or fact common to class members predominate over any questions affecting any individual member and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Compl. ¶¶ 47-48.  These allegations, too, are conclusory.  The Complaint seeks injunctive relief and monetary damages.  Compl. ¶ 49.

C.      Summary of Argument

The Plaintiffs cannot establish the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The class action allegations are merely impermissible general recitals of the elements of Rule 23.  They fail to set out facts beyond the speculative level.  The allegations are conclusory at best.

First, it appears that the Plaintiffs impermissibly guess that the class is numerous. Second, in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), which substantially constrained the ability of a class to be certified, the Plaintiffs cannot satisfy the commonality and typicality elements.  The Plaintiffs cannot show that the lead plaintiffs and all of the putative class members suffered the exact same injury.  The fact that they may have suffered some of the same alleged FDCPA violations is insufficient.  Moreover, the Plaintiffs' own pleading makes clear that the Complaint's deficiencies cannot be cured by amendment because the individual claims are in direct conflict with the class claims.

Next, the adequacy-of-representation requirement cannot be met because the allegations are insufficient and the Plaintiffs' inability to satisfy the commonality requirement negates their

ability to represent the class. Finally, the class cannot be certified under Rule 23(b)(2) because declaratory relief is unavailable in FDCPA actions, and the class cannot be certified under Rule 23(b)(3) because the Plaintiffs cannot satisfy the strict commonality requirement.

The Plaintiffs' Complaint is nothing more than an individual lawsuit that alleges class claims with the hope that others suffered the same exact alleged FDCPA violations and damages.[1] There is no basis for the class action. Accordingly, the class claims should be dismissed and/or the class action allegations should be dismissed with prejudice.

## ARGUMENT

### I.     The Governing Pleading Standards

#### A.     The Allegations Must be Rooted in Facts and May Not be Based upon Speculation or Guess-Work

Under Federal Rule of Civil Procedure 8(a), a complaint must set out "facts" that, when accepted as true, state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "above the speculative level." *Twombly*, 550 U.S. at 545, 570. The Plaintiffs "must furnish more than labels or conclusions or a formulaic recitation of the elements of a cause of action." *Id.* at 555. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility only if it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. at 678. Whether the allegations are adequate

---

[1] Wittstadt does not concede that the Plaintiffs individual claims are viable.

is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193.  If the Court determines that it cannot infer more than "the mere possibility of misconduct" the action should be dismissed.  *Iqbal*, 556 U.S. at 679. Courts, including this Court, do not hesitate to dismiss FDCPA actions that fail to rise beyond the speculative level.  *See, e.g.*, *Penn v. Cumberland*, No. 1:11cv1009, 2012 WL 3062141, at *9 (E.D. Va. July 25, 2012) (dismissing the complaint because allegations of immaterial technical errors, without more, do not equate to a violation of the FDCPA, and explaining that "[t]o reach a result contrary to the result reached here would qualify as one of the absurd results that the Supreme Court has warned against in applying the FDCPA.").

### B.     Class Action Allegations Must Plead "Facts" Beyond the Speculative Level and Establish That the Complaint Can Satisfy Rule 23

This Court and other federal courts have the discretion to dismiss or strike the class action allegations pursuant to Federal Rules of Civil Procedure 12(f), 12(b)(6) and 23.  Because the Plaintiffs purport to bring the lawsuit on behalf of an entire class, their Complaint must plead "facts" to satisfy Federal Rule of Civil Procedure 23.  This includes the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy), as wells as the prongs of Rule 23(b) (in this case, demonstrating that Wittstadt acted on grounds generally applicable to the entire purported class under Rule 23(b)(2) and the predominance and superiority requirements of Rule 23(b)(3)).

The Court must apply these requirements strictly, as dictated by a series of landmark Supreme Court decisions.  In *East Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977), the Supreme Court declared that "careful attention to the requirements of [Rule] 23" is "indispensable."  In *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982), the High Court cautioned that class actions are permissible only where "a rigorous analysis" has

shown "that the prerequisites of Rule 23(a) have been satisfied."  Similarly, the Court in *Achem*

*Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997), reiterated the importance of a rigorous

analysis and required a "close look" at whether the allegations can satisfy Rule 23.  And then just

last year, the Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011),

further restricted a plaintiff's ability to satisfy Rule 23.  "Rule 23 does not set forth a mere

pleading standard.  A party seeking class certification must affirmatively demonstrate his

compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently

numerous parties, common questions of law or fact, etc."  *Wal-Mart Stores, Inc.*, 131 S. Ct. at

2551.

    The Supreme Court also instructed that the "close look" and "compliance with the Rule"

must begin as soon as a party files a complaint:  "Sometimes the issues are plain enough from the

pleadings to determine" if the complaint can satisfy Rule 23.  *Falcon*, 457 U.S. at 160.  And this

Circuit explained that a strict reading of a class action complaint is required:

> If it were appropriate for a court simply to accept the allegations of a
> complaint at face value in making class action findings, every complaint
> asserting the requirements of Rule 23(a) and (b) would automatically lead
> to a certification order, frustrating the district court's responsibilities for
> taking a 'close look' at relevant matters, conducting a 'rigorous analysis'
> of such matters, and making 'findings' that the requirements of Rule 23
> have been satisfied.  Moreover, if courts could only consider the
> pleadings, then parties would have wide latitude to inject frivolous issues
> to bolster or undermine a finding of predominance.

*Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365 (4th Cir. 2004) (citations omitted).

    Thus, courts in this Circuit have followed that instruction and have routinely struck class

action allegations.  *See, e.g.*, *Ross-Randolph v. AllState Ins. Co.*, CIV. A. DKC 99-3344, 2001

WL 36042162, at *4 (D. Md. May 11, 2001) ("a court does not have to wait until class

certification is sought . . . if a plaintiff fails to allege sufficient facts to show the requirements

6

under Rule 23 have been met," then the court can and should strike the class allegations) (citing *Falcon*, 457 U.S. at 160 and *Strange v. Norfolk & Western Railway Co.*, 809 F.2d 786, 1987 WL 36160 (4th Cir. 1987)).

In light of these heightened pleading requirements and the recent *Wal-Mart* decision, which made class certification even more onerous and less likely, numerous courts have recently dismissed or struck class action allegations and claims involving the FDCPA.  Just last month, the court in *McMahon v. LVNV Funding, LLC*, dismissed the FDCPA class-wide claims because the claims contained insufficient detail.  No. 12 C 1410, 2012 WL 2597933, at *4 (N.D. Ill. July 5, 2012).  In June, a Florida district court dismissed the class claims because the class allegations were conclusory and failed to indicate which individuals might be included in the putative class. *Foxx v. Ocwen Loan Servicing, LLC*, No. 8:11-CV-1776-T-17EAK, 2012 WL 2048252, at *9 (M.D. Fla. June 6, 2012).  Although the plaintiff in *Foxx* was permitted to amend his complaint, the court was left with "serious questions" as to whether he could adequately cure the deficiencies because of the heightened pleading requirements.  *Id.* at *10.

Furthermore, in *Ardino v. Lyons, Doughty & Veldhuis, P.C.*, which also involved FDCPA claims, the court dismissed the class action claims because the "allegations are merely general recitals of the requirements of Rule 23."  Civ. No. 11-848 NLH/KMW, 2011 WL 6257170, at *15 (D.N.J. Dec. 14, 2011).  "The allegations regarding a potential class action lack sufficient factual support to demonstrate on the face of the complaint that Plaintiff can satisfy" the requirements of Rule 23.  *Ardino*, 2011 WL 6257170, at *15.  As set forth below, these FDCPA class action cases demonstrate that the Plaintiffs' pleading equally lacks sufficient factual support to maintain a class action.

II.     **The Class Action Allegations Should be Struck or Dismissed Because the Allegations Are Conclusory, Speculative, and Lack Factual Support**

   A.     **The Requirements to Maintain a Class Action**

Proceeding as a class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Falcon*, 457 U.S. at 155 (citation omitted).   To maintain a class action, the Plaintiffs must establish that: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Wal-Mart*, 131 S. Ct. at 2549 (citing Fed. R. Civ. P. 23(a)).   In addition, the Plaintiffs have to satisfy one of the three requirements listed in Rule 23(b). *Wal-Mart*, 131 S. Ct. at 2549. Either (1) the prosecution of separate actions would create a risk of inconsistent or varying adjudications or adjudications of the individual class members would impede or impair the interest of other members who are not parties; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or declaratory relief is appropriate; or (3) questions of law or fact common to the class predominate over questions affecting only individual members.  Fed. R. Civ. P. 23(b).

   B.     **The Complaint Inadequately States Only the Elements of Rule 23 and Fails to Allege Any Facts to Suggest Class Certification is Possible and That the Exception to the General Rule Might be Warranted**

The class action allegations on their face are so deficient that it is impossible to imagine that the Plaintiffs could ever satisfy the elements of Rule 23.  Compl. ¶¶ 42-49.

   1.     <u>The Plaintiffs Cannot Satisfy the Numerosity Requirement</u>

The Plaintiffs allege in a conclusory manner that, based on information and belief, the class is so numerous that joinder of all members is impractical based on the use and timing of the

letters.  Compl. ¶ 43.  The Plaintiffs, however, fail to explain the basis of their information and belief and how the alleged "use and timing" of certain letters creates a putative class of plaintiffs that is so "numerous."  They also fail to even speculate how many of these letters were sent and who and how many persons may be affected.

As in *Foxx v. Ocwen Loan Servicing, LLC*, above, there is no indication as to who and how many persons might be included in the class.  2012 WL 2048252, at *9.  At most, the Plaintiffs are simply guessing about numbers, yet the Plaintiffs may not simply guess that multiple identical letters were sent and then assume that such a "numerous" amount of people were affected to warrant a class.  *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, No. 01 Civ. 1086 (AGS), 2002 WL 449653, at *2 (S.D.N.Y. Mar. 22, 2002).

*Weiss* is on point.  In *Weiss*, like here, the plaintiff alleged that "upon information and belief" that the numerosity requirement is satisfied.  Unlike the present case, however, the plaintiff in *Weiss* alleged more facts than the Plaintiffs in this case by asserting the existence of a certain number of potential class members.  *Id.* at *1; Compl. ¶ 43.  The *Weiss* court held, as this Court should, that the numerosity allegations are nothing more than guesses, and thus, the numerosity requirement could not be satisfied.  *Weiss*, 2002 WL 449653, at *2.  The court reasoned that these type of allegations "amount to little more than bare speculation" and that the plaintiff "has no basis for his factual assertion."  *Id.*  In light of *Weiss*, *Foxx*, and the heightened pleading requirements, the class allegations should be struck.

2.    <u>The Commonality and Typicality Requirements Cannot be Satisfied</u>

"The commonality and typicality requirements of Rule 23(a) tend to merge.  Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class will be fairly and adequately protected in their absence."

*Falcon*, 457 U.S. at 157 n.12.  In *Wal-Mart,* the Supreme Court clarified what is required to meet the commonality requirement, and in doing so, it made satisfying the commonality requirement even more onerous and demanding, if not insurmountable in most cases.  The Court explained that a complaint simply raising common questions is insufficient as "any competently crafted class complaint literally raises common questions."  *Wal-Mart*, 131 S. Ct. at 2550-51.

"Commonality requires the plaintiff to demonstrate that the class members have 'suffered the same injury,'" and "[t]heir claims must depend upon a common contention" that "is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 2551 (quoting *Falcon*, 457 U.S. at 156).  It "*does not mean merely that they all suffered a violation of the same provision of law*," which is the allegation here.  *Wal-Mart*, 131 S. Ct. at 2551 (emphasis added).  Moreover, *Wal-Mart's* enhanced commonality requirement is scrutinized and heightened even more when a class action is brought pursuant to Rule 23(b)(3), as is the case here.  *Wal-Mart*, 131 S. Ct. at 2551.  The common questions must be so intertwined and the class must be so cohesive that these narrow common questions to the class predominate over other questions.  *Id.* (citations omitted).

In this instance, the Plaintiffs, again in a conclusory manner, merely assert that there are questions of law and fact common to the class.  Compl. ¶ 44.  This is insufficient.  Moreover, under no circumstances can the Plaintiffs ever establish that the claims are common or typical. They will have to show that:  all of the unknown putative class remembers received the same September 8, 2011, letter telling them that their Note was unavailable, lost or could not be produced at a time when the beneficiary of the Note had not submitted an affidavit to the trustee that the Note was in fact lost or unavailable; *and* that they all received a § 1692g validation

notice with text that was identical to the September 14 letter sent to the Plaintiffs and which does not state that a request to validate the debt must be done in writing; *and* that the letter was sent more than five days after the initial communication in an attempt to collect a debt due to CitiMorgage, Inc., which was incurred for personal, family, or household purposes; *and* during the one year period prior to the filing of the Complaint. The odds that "numerous" persons in Virginia have the same common contentions is slim to none. This, of course, further punctures the numerosity requirement discussed above.

Moreover, the fact that putative class members may have suffered some of the same alleged FDCPA violation(s) is of no significance under *Wal-Mart*. Class members will never be able to show that they suffered the same exact injury. Although actual injury or damages is not required to maintain an action under the FDCPA, there are likely some alleged putative class members who purportedly suffered actual damages and others who have not. In fact, the individual Plaintiffs do not allege that they suffered actual damages as the result of the alleged FDCPA violations. Thus, on this basis, an actual injury or differing injury by one putative class member would destroy commonality and typicality. It would also affect the Plaintiffs' ability to adequately represent the class.

Furthermore, and of utmost significance, is the Plaintiffs' own pleading, which makes clear that the commonality requirement cannot be satisfied nor can it be cured by any amendment. Paragraph 14 of the Complaint states that the "Defendant *regularly* attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon *written request* from consumers." Compl. ¶ 14 (emphasis added). However, the class action allegations assert that there are "numerous" persons in Virginia who were not informed that they had to make a written request to obtain a debt validation, pursuant to § 1692g. Compl. ¶ 42. Indeed,

paragraphs 14 and 42 are in direct conflict with each other.  The Plaintiffs cannot have it both ways.  If they *regularly* provide the verifications of debt upon *written request*, then such a "numerous" number of persons in Virginia cannot have the same common claim that they did not get notification that the debt validation request had to be in writing (let alone suffer all the other alleged violations contemporaneously to satisfy the commonality requirement).

As a final point, the bona fide error doctrine under § 1692k(c) and the "immateriality" doctrine will also destroy the class claims.  *See Warren v. Sessoms & Rogers, P.A.*, 676 F. 3d 365, 374 (4th Cir. 2012); *Penn*, 2012 WL 3052141, at *9.[2]  As these claims are pierced, so too are the commonality and the typicality requirements because different putative class members will have different allegations.  The statements may be "material" for some, but not for others.

In sum, the Complaint does not cite any facts to support the commonality and typicality elements of Rule 23, the Plaintiffs cannot show that all putative class members suffered the same injury, and the Plaintiffs' own pleading is in direct conflict with the class action allegations. Accordingly, the class claims should be dismissed with prejudice.

### 3.      The Adequacy-of-Representation Element Cannot be Satisfied

The adequacy-of-representation requirement also tends to merge together with the commonality and typicality requirements.  *Wal-Mart*, 131 S. Ct. at 2541, n.5.  Additionally, the adequacy-of-representation requirement raises questions about the competency of class counsel and conflicts of interest between the lead plaintiffs and class members.  *Id.* (citing *Falcon*, 457 U.S 147, 157-58, n.13).

---

[2] § 1692k(c) provides that a FDCPA violator can escape penalty by showing that the violation was unintentional and the result of a "bona fide error" despite having procedures in place to avoid such an error.  Further false statements that are "not material" (would not mislead or deceive) are not actionable under the FDCPA.  *See Penn*, 2012 WL 3052141, at *9.

The Complaint generally alleges that the Plaintiffs will fairly and adequately protect the interests of the class, they have retained experienced counsel, and there are no conflicts.  Compl. ¶ 46.  Again, the Plaintiffs state no facts to support their conclusory allegations.  On this basis, the class claims should be dismissed.  *Foxx*, 2012 WL2048252, at *9-*10.  Moreover, as discussed above, the inability to satisfy the commonality requirement negates the Plaintiffs' ability to adequately represent the class.  Accordingly, the class claims should be dismissed or the class action allegations should be struck with prejudice.

4.  Rules 23(b)(2) and (b)(3) Cannot be Satisfied

The Plaintiffs seek certification under Rules 23(b)(2) and (b)(3).  They seek money damages under Rule 23(b)(3) and equitable or declaratory relief under Rule 23(b)(2).  Compl. ¶ 49.  But once again, the Plaintiffs' allegations are merely general recitals of the requirements of Rule 23.  They provide no facts in support.  Compl. ¶¶ 47-48.  The allegations cannot survive this Motion.

Further, the Plaintiffs' deficiencies cannot be cured by amendment.  The Plaintiffs cannot maintain an action for money damages under Rule 23(b)(3) because, as set forth above, they cannot satisfy the commonality requirement.  There are no common questions that are so intertwined to the class that they predominate over other questions.  Moreover, the class cannot be certified under Rule 23(b)(2).  It is well established that equitable, injunctive, or declaratory relief is not available to private plaintiffs under the FDCPA.  *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 767 (E.D. Va. 2010); 15 U.S.C. § 1692k.  Accordingly, the class claims should be dismissed and/or the class action allegations should be struck with prejudice.

## III. Dismissal of This Legally Invalid Putative Class Should Not be Delayed

As set forth above, there are a number of defects in the Complaint that cannot be cured. For example, in light of *Wal-Mart* and the internal conflict within the Complaint, the

13

commonality requirement can never be satisfied.  For similar reasons, certification could never happen under Rule 23(b)(3).  Moreover, the Plaintiffs seek declaratory relief, which is not available under Rule 23(b)(2).

Indeed, the defects in the Complaint are fundamental and dispositive.  Thus, the Court should not permit the Plaintiffs to amend their Complaint or allow them to go on a fishing expedition in an attempt to garner facts in discovery based on mere speculation.  *See, e.g.*, *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651 (D. Nev. 2009) (denying class certification before any discovery had been conducted); *In re Walls*, 262 B.R. 519, 523 (Bankr. E.D. Cal. 2001) ("If, as a matter of law, a class cannot be certified . . . it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification."); *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995) ("the court is convinced that awaiting further discovery will only cause needless delay and expense.").  Accordingly, the class claims should be dismissed and/or the class action allegations should be struck with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant Wittstadt Title & Escrow Company, LLC, respectfully requests that this Court dismiss the class claims or strike the class action allegations with Prejudice.

Respectfully submitted,

WITTSTADT TITLE & ESCROW COMPANY, LLC
By Counsel


/s/ Matthew D. Berkowitz_____
Matthew D. Berkowitz, #72728
Jan E. Simonsen, #29152
Carr Maloney P.C.
2000 L Street, NW, Suite 450
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
jes@carrmaloney.com
mb@carrmaloney.com
*Counsel for Defendant Wittstadt Title & Escrow Company, LLC*

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum of Points and Authorities in Support of the Motion to Dismiss Class Claims and/or Strike Class Action Allegations was electronically filed and served, this 21st day of August 2012, to:

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, VA  23803

Kristi Cahoon Kelly
J. Chapman Peterson
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, VA  22030

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA  23606

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314

Respectfully submitted,

WITTSTADT TITLE & ESCROW COMPANY, LLC
By Counsel

/s/ Matthew D. Berkowitz_____
Matthew D. Berkowitz, #72728
Jan E. Simonsen, #29152
Carr Maloney P.C.
2000 L Street, NW, Suite 450
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
jes@carrmaloney.com
mb@carrmaloney.com
*Counsel for Defendant Wittstadt Title & Escrow Company, LLC*

16