**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JEAN T. THOMAS and**
**HEATH B. THOMAS,**
***on behalf of themselves and***
***all others similarly situated,***

**Plaintiffs,**

**v.** **Civil Action No. 3:12-cv -00450-JRS**

**WITTSTADT TITLE & ESCROW COMPANY, LLC,**

**Defendant.**

**AMENDED CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

1. Plaintiffs Jean T. Thomas and Heath B. Thomas, on behalf of themselves and all others similarly situated, allege that Defendant Wittstadt Title & Escrow Company, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA") through its unlawful attempts to collect on a home mortgage loan debt and to foreclose or threaten to foreclose on the subject Deeds of Trust by virtue of the following misconduct:

A. by falsely stating that "the original Note is unavailable, lost, or cannot be produced," in violation of 15 U.S.C. § 1692e, e(2)(A), e(5), and e(10),

B. by failing, within five days after the initial communication with a consumer in connection with the collection of a mortgage loan debt, to send the consumer a written notice containing the thirty day validation notice disclosures mandated by 15 U.S.C. § 1692g(a), and

C. by failing to inform the consumer that in order to obtain validation of the alleged debt and/or the name and address of the original creditor that the consumer must do so

"in writing" in violation of 15 U.S.C. §1692g(a)(4) and (5). *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d at 841, (E.D. Va. 2011).

## I. JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiffs reside here and Defendant sent correspondence to each Plaintiff into this District.

## II. PARTIES

3.     Plaintiff Jean T. Thomas is a natural person who resides in Richmond, Virginia.

4.     Plaintiff Heath B. Thomas is a natural person who resides in Richmond, Virginia.

5.     Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

6.     Defendant Wittstadt Title & Escrow Company, LLC ("Wittstadt") is a company whose sole purpose is to serve as the substitute trustee for mortgage loans for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be a substitute trustee.

7.     Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## III. FACTUAL ALLEGATIONS

8. Jean T. Thomas and Heath B. Thomas borrowed $88,770.05 for a home mortgage loan, as evidenced by a promissory note ("Note") dated August 7, 2002. The Note was payable to CitiFinancial Mortgage Company, Inc.[1]

9. The Note was secured by a Deed of Trust dated August 7, 2002, and recorded in the Clerk's Office for the Circuit Court of the City of Richmond, Virginia.

10. The subject debt arose from a transaction incurred primarily for personal, family or household purposes.

***Defendant is a Debt Collector***

11. Defendant regularly collects or attempts to collect home loan debts.

12. Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

13. Defendant regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. §1692e(11), requires that debt collectors provide in all written communications (other than formal pleading) sent in "connection with the collection of any debt" (the "§ 1692e(11) disclosure").

14. Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

---

[1] CitiMortgage, Inc. is the successor by merger to CitiFinancial, Inc.

15. Defendant regularly detail specific amounts of money to be paid and regularly accepts payment for its lender clients.

***Defendant's Collection Activity Directed at Mr. and Mrs. Thomas***

16. Defendant sought to collect from Jean T. Thomas a debt allegedly due CitiMortgage, Inc. arising from a transaction incurred primarily for personal, family or household purposes.

17. Defendant sent Jean T. Thomas a dunning letter[2] dated September 8, 2011 in an attempt to collect the alleged debt. (Attached hereto as Exhibit A).

18. Defendant sought to collect from Heath B. Thomas a debt allegedly due CitiMortgage, Inc. arising from a transaction incurred primarily for personal, family or household purposes.

19. Defendant sent Heath B. Thomas a dunning letter dated September 8, 2011 in an attempt to collect the alleged debt. (Attached hereto as Exhibit B).

20. The text of Exhibits A and B reads in pertinent part:

> On behalf of CitiMortgage, Inc., the present owner and holder of the Note made by you, please take notice that the original Note is unavailable, lost, or cannot be produced. A request for sale pursuant to the terms of the deed of trust securing repayment of the Note will be made of the substituted trustee upon the expiration of fourteen (14) days from the date of the mailing of this notice. This notice is being sent to your last known address, as reflected in the records of CitiMortgage, Inc.
>
> If you believe that you may be subject to a claim by a person other than the above-named Beneficiary to enforce the instrument, you may petition the Circuit Court of the County or City where the above-referenced property or some part thereof lies, for an order requiring the aforesaid Beneficiary to provide adequate protection against any such claim.
>
> Any inquiry you have should be directed to this address and telephone number shown above.

---

[2] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, n. 1 (E.D. Va. 2011).

THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION
OBTAINED WILL BE USED FOR THIS PURPOSE.

This is an attempt to collect a debt and any information obtained may be used for that purpose.

21. The representations contained in Exhibits A and B that the original Note was unavailable, lost, or could not be produced were false.

22. Va. Code § 55-59.1 provides in pertinent part the following:

§ 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.

…

B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee.

23. The beneficiary of the Note had not submitted to the trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust was lost or for any reason could not have been produced.

24. The original Note was not unavailable, lost, or unable to be produced.

25. Exhibits A and B state that

"THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION
OBTAINED WILL BE USED FOR THIS PURPOSE."

26. Exhibits A and B also state that:

"(T)his is an attempt to collect a debt and any information obtained may be used for that purpose."

27. Exhibits A and B were the initial communications made by Defendant to

Plaintiffs.

28. Defendant sent Jean T. Thomas a dunning letter dated September 14, 2011 in an attempt to collect the alleged debt. (Attached hereto as Exhibit C).

29. Defendant sent Heath B. Thomas a dunning letter dated September 14, 2011 in an attempt to collect the alleged debt. (Attached hereto as Exhibit D).

30. Exhibits C and D are dated more than five days after the dates on Exhibits A and B.

31. Exhibits C and D contain the thirty day validation notice disclosures required by 15 U.S.C. § 1692g(a).

32. Defendant sent Exhibits C and D to Plaintiffs more than five days after they sent Exhibits A and B to the Plaintiffs.

33. Defendant sent Exhibits C and D to Plaintiffs more than five days after Defendants' initial communication with Plaintiffs.

34. The FDCPA required Defendant to disclose to Plaintiffs their § 1692 debt validation rights within five days after Defendant's initial communication with Plaintiffs in connection with the collection of the debt, set forth in the Act as follows:

**§ 1692g. Validation of debts**

**Notice of debt; contents**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

        portion thereof, the debt will be assumed to be valid by the debt collector;

        (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

        (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis supplied)

    35.    The text of Exhibits C and D reads as follows:

        Re:    CitiMortgage, Inc.
                   Loan #: 5000427943  Our File #: VA-96001455-11
                   Address: 1008 Woodhaven Drive, Richmond, VA 23224

        Please be advised that our client, CitiMortgage, Inc., has referred to us the matter of the above captioned loan, and be further advised that the loan is now in default. According to the records provided by our client the amount due as of **September 2, 2011**, is **$86,849.94** which includes accrued interest through September 2, 2011, late charges and other default-related costs recoverable under the terms of the Promissory Note and Mortgage. Because of interest, late charges, and other charges that may vary from day to day, the payoff amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. To avoid the need for such an adjustment, please call our office at the above number for the exact amount due as of the date you intend to tender payment.

        We have been instructed to proceed with foreclosure. You will receive additional notice of the foreclosure. However the lender encourages you to contact them to inquire if any alternatives to foreclosure are possible.

        **This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment if one has been obtained and mail you a copy of such judgment or verification. This office**

**will provide you with the name and address of the original creditor, if different from the current creditor, if you request the same from this office within thirty (30) days after receiving this notice.**

This is an attempt to collect a debt and any information obtained may be used for that purpose.

**IF YOU ARE A DEBTOR IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY:**

**Please be advised that if you are a debtor in bankruptcy or have been discharged in bankruptcy, this statement does not represent and is not intended to be a demand for payment. In such cases, this letter is provided for you for information purposes only and is not an attempt to collect a debt. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan.**

**Finally, if you previously received a discharge in bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. This office is seeking solely to foreclose the creditor's lien on real estate and this office will not be seeking a personal money judgment against you.**

Sincerely Yours,
Wittstadt Title & Escrow Company, LLC

This is an attempt to collect a debt and any information obtained may be used for that purpose.

36. Defendant's purported notice to Plaintiffs of their thirty day validation rights failed to inform them that in order to obtain verification of the alleged debt and/or the identity of the original creditor the request must be "in writing."

37. In order to trigger the debt collector's duty to provide verification of the debt, the consumer must dispute the debt *in writing*, as set forth in the Act as follows:

> **§ 1692g. Validation of debts**
>
> **Notice of debt; contents**
>
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> …
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis supplied)

38. Additionally, § 1692g(b) requires the debt collector to disclose that in the event of a timely *written* validation request to cease collection of the debt or the disputed portion until the requested verification or identity of the original creditor is mailed to the consumer, set forth as follows:

> **Disputed debts**
>
> (b) Disputed debts. If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the

> 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis supplied)

39. Defendant's purported thirty day validation notice disclosure omits any reference to the in writing requirement.

40. With respect to the failure to notify the consumer of the § 1692g(a)(4) and (5) writing requirement, Judge Merhige put it this way:

> the collection letter instructed (the consumer) to either "contact" the debt collection agency or make payment in full. There is no indication anywhere in the letter whether such "contact" must be in writing or by telephone. Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b).

*Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

41. More recently, Judge Hudson repeated this principle as follows:

> Where the debt collector fails to advise that the debtor's requests under subsections (a)(4) and (5) must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them.
>
> The fact that [the plaintiff] may have disputed her debt in writing does not alter this Court's conclusion. Indeed, because the FDCPA is a strict liability statute, evidence of actual deception is unnecessary. Whether the debt collector's letter complies with the statute is determined objectively; the inquiry is whether an unsophisticated consumer or debtor would be confused by the contents of the letter.
>
> Nor does it matter whether Defendants would have honored an oral request. A debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing. Absent some mention of the "in writing" requirement, the least sophisticated debtor may very well dispute the debt only orally, and therefore never trigger the collector's duty to verify the debt. Plaintiffs have clearly stated a claim under Sections 1692g(a)(4) and (5) of the FDCPA.

> For similar reasons, Plaintiffs have also stated a claim under *Section 1692e(10)*.
> …
> As explained above, Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of *Section 1692g*. The alleged violations of *Sections 1692g(a)(4)* and *(5)* therefore also state a claim under *§ 1692e(10)*.

*Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d at 841, (E.D. Va. 2011) (internal quotations and citations omitted).

## IV. CLASS ACTION ALLEGATIONS

42. This matter is brought as a class action on behalf a class – the "Lost Note Notice Class" - initially defined as follows:

> All natural persons residing in Virginia at the time that Defendant mailed the person a letter during the one year period prior to the filing of the Complaint in this matter regarding a residential Deed of Trust Note that Defendant described as a "Notice of Unavailable Note", or with substantially similar language, at a time when the beneficiary of the Note had not submitted to Defendant an affidavit to the effect that the Note was lost or for any reason could not have been produced, and/or when the original Note was in the legal custody and control of the beneficiary

43. This matter is brought as a class action on behalf a second class – the "Initial Contact Notice Class" - initially defined as follows:

> All natural persons residing in Virginia at the time that Defendant made an initial communication with the consumer regarding a residential Deed of Trust Note Defendant's records showed then to be in default, but to whom Defendant did not then mail a letter within five calendar days thereafter that included all of the items listed at 15 U.S.C. § 1681g(a) (i.e. amount of the debt; name of the creditor; and statement of rights). The proposed class definition includes all such persons to whom such initial communication was made within one year and five calendar days prior to the filing of the Complaint.

44. This matter is also brought as a class action on behalf a third class – the " 'In Writing' Violation Class" - initially defined as follows:

> All natural persons residing in Virginia at the time that Defendant mailed the person a letter during the one year period prior to the filing of the Complaint in this matter regarding a residential Deed of Trust Note that included this language:
>
>> This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment if one has been obtained and mail you a copy of such judgment or verification. This office will provide you with the name and address of the original creditor, if different from the current creditor, if you request the same from this office within thirty (30) days after receiving this notice.

45. Plaintiffs allege on information and belief based on the use of letters in the form of Exhibits A, B, C and D to the Complaint, and based on the use and timing of the letters in the form of Exhibits C and D to the Complaint, that the class is so numerous that joinder of all members is impractical.

46. Plaintiff's proposed class counsel have a substantial number of letters and foreclosure documents mailed to consumers by the Defendant. These documents have remained consistent and uniform across time, Virginia jurisdictions and consumers.

47. Defendant has conducted and attempted hundreds of foreclosures in Virginia. A review of just Fairfax County land records for 2011 shows well over 200 such foreclosures and over 100 in 2012.

48. In each of the many consumer foreclosures reviewed, Defendant mailed a "Notice of Unavailable Note" as its initial communication.

49. In each of the many consumer foreclosures reviewed or assisted, Defendant has failed to provide a copy of any lost note affidavit.

50. On information and belief, Plaintiffs allege that Defendant systemically has withheld and not provided the "1681g" notice until the passage of at least 5 days from the date of

its "Notice of Unavailable Note" letter.

51. In each of the many consumer foreclosures reviewed or assisted, Defendant has used the same 1681g notice language included in the letters mailed to the Plaintiffs.

52. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. These include, by example only and without limitation:

   a. Whether the Wittstadt Title & Escrow Company, LLC is a debt collector.

   b. Whether Defendant's representations to consumers that their Note had been lost or could otherwise not be produced was truthful when the Note was available for legal or physical production by the beneficiary;

   c. Whether the mailing of Defendant's 1681g(a) notice letters more than 5 calendar days after the mailing of its Notice of Unavailable Note letters violated the FDCPA; and

   d. Whether Defendant's failure in its 1681g notices to advise consumers that a dispute must be "in writing" to trigger the rights under the FDCPA violated the FDCPA.

53. The claims of Mr. Thomas and Mrs. Thomas are typical of those of the class members. All are based on the same facts and legal theories. The letters are standardized and used across all Virginia jurisdictions and the full class period. The violations alleged are the same and the class claims will rise and fall entirely based upon whether or not Plaintiffs' claims rise or fall.

54. Mr. Thomas and Mrs. Thomas will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative classes and have accepted such responsibilities.

55. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

56. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally and FDCPA claims specifically are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers who Defendant will have threatened and contacted for a foreclosure would likely be unaware of their rights under the law, or of who they could find to represent them in federal litigation. As well, individual litigation of the uniform issues in this case would be a waste of resources – class counsels', Defendant's and the Court's. The issues at the core of this case are classwide and should be resolved one time.

57. Plaintiffs request certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

**COUNT I**
**FDCPA CLASS CLAIM: 15 U.S.C. § 1692e**

58. Plaintiffs incorporate the foregoing Paragraphs.

59. Defendant violated 15 U.S.C. § 1692e as to the "Lost Note Notice Class" by mailing letters that falsely stated that it claimed that it had complied by Va. Code § 55-59.1 when it had not received an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust was lost or for any reason could not have been produced, and/or when the Note was not lost or unavailable to the beneficiary.

**COUNT II**
**FDCPA CLASS CLAIM: 15 U.S.C. § 1692g**

60. Plaintiffs incorporate the foregoing Paragraphs.

61. Defendant violated 15 U.S.C. § 1692g as to the "Initial Contact Notice Class" by failing to provide the full disclosures required at 15 U.S.C. § 1692g(a) within 5 days of its initial communication with the class member.

62. Defendant violated 15 U.S.C. § 1692g as to the " 'In Writing' Violation Class" by omitting in its 1681g notice letters the "in writing" requirement for consumer disputes as otherwise required by 15 U.S.C. § 1692g(a)(4) and (5). *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d at 841, (E.D. Va. 2011).

**WHEREFORE**, Plaintiffs Jean T. Thomas and Heath B. Thomas request that the Court enter judgment on behalf of themselves and the class they seek to represent against Defendant Wittstadt Title & Escrow Company, LLC for:

A. Certification for this matter to proceed as a class action;

B. Declaratory relief that Defendant's conduct alleged herein violates the FDCPA;

  C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

E. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

E. Such other or further relief as the Court deems proper.

Respectfully submitted,
**JEAN T. THOMAS and**
**HEATH B. THOMAS,**
***on behalf of themselves and***
***all others similarly situated,***

By: ________/s/__________________

Kristi Cahoon Kelly, Esq.,
VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Fax: (703) 591-9285
E-mail: kkelly@siplfirm.com

Leonard A. Bennett
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A W. Tabb Street
Petersburg, VA 23803
Telephone: (804) 861-6000
Fax: (804) 861-3368
E-mail: dale@pittmanlawoffice.com

J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Fax: (703) 591-9285
E-mail: jpetersen@smillaw.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Fax: (888) 892-3512
E-mail: matt@clalegal.com

Janelle Elene Mason
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Fax: (888) 892-3512
E-mail: Janelle@clalegal.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September 2012 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Jan E. Simonsen
Carr Maloney, PC
1615 L St NW
5th Floor
Washington, DC 20036
E-mail: jes@carrmaloney.com

Matthew D. Berkowitz
Carr Maloney, PC
2000 L St NW
Suite 450
Washington, DC 20036
E-mail: mb@carrmaloney.com

/s/

Kristi Cahoon Kelly, Esq.,
VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Fax: (703) 591-9285
E-mail: kkelly@siplfirm.com