UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



| | |
|---|---|
| JEAN T. THOMAS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WITTSTADT TITLE & ESCROW, LLC., )<br>)<br>Defendant. )<br>) | Civil No. 3:12CV450 (JRS) |

### PRELIMARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the court on a Joint Motion by the Plaintiffs, Jean T. Thomas and Heath B. Thomas ("Plaintiffs" or "Class Representatives"), and Defendant Wittstadt Title & Escrow, LLC. ("Defendant" or "Wittstadt") (collectively the "Parties"), for Preliminary Approval of Class Action Settlement Agreement. The Parties have submitted a Stipulation of Settlement (the "Agreement") that the Court has reviewed, and finds that it is just and proper that the Agreement be approved.

Based upon the Agreement, the record and exhibits herein, and it appearing to the court that upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a hearing on the matter should and will be held, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

It is hereby ORDERED:

1. The court finds that it has jurisdiction over the subject matter of the Lawsuit and

over all settling parties hereto.

2. Class Members – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> (i) all natural Persons to whom Defendant sent a letter in the form of Exhibit A, (ii) and/or to whom Defendant sent a letter in the form of Exhibit B, which contains the 15 U.S.C. § 1692g debt validation notice with text identical to that in the debt validation notice set forth in Exhibit B, (iii) and/or at a time later than five days after the letter in the form of Exhibit A was sent, (iv) during the period of June 21, 2011 to June 20, 2012.

There are approximately 1,962 class members identified by Wittstadt. The Settlement Class includes those Persons whom the real property went to foreclosure with the eventual recording of a Trustee's Deed ("Foreclosure Class Members") and those Persons for whom the real property did not go to foreclosure with the eventual recording of a Trustee's Deed. ("Non-Foreclosure Class Members.") The Foreclosure Class consists of approximately 613 Class Members. The Non-Foreclosure Class consists of approximately 1,349 Class Members.

3. Class Representatives and Class Counsel Appointment – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Jean Thomas and Heath Thomas as the Class Representatives. The Court preliminarily approves Ms. Kristi C. Kelly, Mr. J. Chapman Peterson, Mr. Dale W. Pittman, Mr. Leonard A. Bennett, Mr. Mathew J. Erausquin, and Ms. Janelle Elene Mason as Class Counsel.

4. Preliminary Class Certification – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   a. The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

    b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. The claims of the Plaintiffs are typical of the claims of the Class Members;

    d. The Plaintiffs and class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

5. The court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of the benefits to the Class Members, the strength of the Plaintiffs' case, the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

6. The Third-Party Class Action Administrator – Class Counsel will hire a third party administrator (the "Class Administrator") to assist in the administration of the settlement and the notification to Class Members. Plaintiffs shall be responsible for all costs and expense for the Class Administrator, which shall be paid from the Settlement Fund. The Class Administrator will be responsible for mailing the approved class action notices to the Class Members. A separate checking account (hereafter "the Settlement Account") will be established by the Class Administrator for purposes of depositing the settlement funds for the sole purpose

of issuing settlement checks. Wittstadt shall deliver $475,000.00 to be deposited into this account no later than fifteen (15) days after the entry of the Final Order of Approval. Within thirty (30) days of the entry of a Final Order of Approval, the settlement checks shall issue from the Settlement Account only and the Class Administrator will verify that the settlement checks were mailed.

7. Notice – The court approves the form and substance of the written notice of class action settlement, attached to the Agreement as Exhibit C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the class action administrator shall cause the completed notices to be mailed to the Class Members as expeditiously as possible, but no later than 30 calendar days after the Court's entry of this Order.

8. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

9. Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

10. The Agreement and this Order shall be null and void if any of the following occur:

   a. The Agreement is terminated by any of the Parties, or any specified condition of the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

   b. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

   c. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

   d. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

11. If the Agreement and/or this Order are voided per Paragraph 10 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

12. Final Approval – the Court shall conduct a hearing (the "Fairness Hearing") on December 19, 2013, at 701 E. Broad Street, Richmond, Virginia 23219, Courtroom 7000, commencing at 11:00 a.m., to review and rule upon the following issues:

   a. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

b. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

c. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

d. To discuss and review other issues as the Court deems appropriate.

13. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Amended Joint Motion for Preliminary Approval of Class Action Settlement Agreement (ECF No. 28) is GRANTED, consistent with this Order.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
James R. Spencer
United States District Judge

ENTERED this 4th day of September 2013.